**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| PAMELA MARIE CAGLIARI, | Case No. 2:18-cv-00130-GMN-CWH |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Pamela Cagliari's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The court has reviewed Plaintiff's motion for reversal or to remand (ECF No. 18), filed August 7, 2018, and the Commissioner's response and cross-motion to affirm (ECF Nos. 21, 22), filed October 22, 2018. Plaintiff did not file a reply.

**I.     BACKGROUND**

**1.     Procedural History**

On August 26, 2014, Plaintiff applied for disability insurance benefits under Title II of the Act, alleging an onset date of February 16, 2014. AR[1] 25, 197-98. Plaintiff's claim was denied initially, and on reconsideration. AR 232-235. A hearing was held before an Administrative Law Judge ("ALJ") on July 6, 2016. AR 203-223. On January 24, 2017, the ALJ issued a decision finding Plaintiff was not disabled. AR 25-33. The ALJ's decision became the

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 12).)

Commissioner's final decision when the Appeals Council denied review. AR 1-6. Plaintiff, on January 24, 2018, commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Compl. (ECF No. 1).)

### 2. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 32-34. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of February 16, 2014. AR 27. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of rheumatoid arthritis. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* At step four, the ALJ found that Plaintiff has the residual functional capacity to perform unskilled light work as defined 20 C.F.R. §§ 404.1567(b) except that she must be able to alternate positions at will every fifteen minutes. AR 28. The ALJ found that Plaintiff is unable to perform any past relevant work. AR 31. Plaintiff was born on November 14, 1966 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age. AR 32. Plaintiff has a limited education and is able to communicate in English. *Id*. Transferability of job skills is not material to the determination of disability. *Id*. Through the date last insured, considering the claimant's age, education, work experience, and the residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. *Id*. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from February 16, 2014 through the date of the decision. AR 33.

## II. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made

after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the

Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and

other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3. Analysis**

    **a. Whether the ALJ properly rejected Dr. Kolasinski's opinion**

Plaintiff first moves to remand this matter because the ALJ improperly rejected the opinions of Dr. Kolasinski, M.D., who authored a medical source statement dated April 1, 2015. Dr. Kolasinski opined that Plaintiff retains the residual functional capacity to sit for one hour, stand for one hour, walk for one hour, and lift or carry no more than five pounds occasionally in an eight-hour workday. Plaintiff could grasp, push, pull, or perform fine manipulation each for less than five percent of an eight-hour workday. Dr. Kolasinski opined that Plaintiff would be unable to engage in postural activities in the workplace, would need unscheduled breaks when working, and would need to change position every 15 minutes if seated or standing. AR 510-513. The ALJ gave little weight to the opinion. AR 31. Plaintiff argues that the ALJ failed to provide

clear and convincing reasons to reject the opinion, and therefore was improper. The Commissioner responded that ALJ properly evaluated the opinion.

In deciding how much weight to give a medical opinion, the ALJ considers factors including, e.g., the treating or examining relationship of the opinion's source and the claimant; how well the opinion is supported; and how consistent the opinion is with the record as a whole. See 20 C.F.R. § 404.1527(c). In evaluating medical opinions, the ALJ must provide "clear and convincing" reasons supported by substantial evidence for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995).

In her decision, the ALJ extensively discussed Plaintiff's medical records, including the opinion of Dr. Kolasinski, and gave little weight to her opinion because her "restrictions are not consistent with diagnostic imaging or contemporaneous clinical findings." AR 31. The ALJ indicated that x-rays taken just two months earlier were reported to be generally unremarkable. *Id.* Plaintiff criticizes the ALJ for making a medical finding, but the regulations specifically charge ALJs with making findings about what the evidence shows. *See* 20 C.F.R. § 404.1520b ("After we review all of the evidence relevant to your claim…, we make findings about what the evidence shows."). The ALJ did not interpret raw data, but stated what the x-ray reports indicated. *See, e.g.*, AR 538 ("unremarkable" evaluation of the left hand).

The ALJ also found that Dr. Kolasinski's opinions were inconsistent with the treatment notes in Plaintiff's records. AR 31. In her review of Plaintiff's records, she noted that physical exams revealed occasional tenderness or stiffness but normal gait, normal ranges of motion, normal stability, no erythema in the joints, and no weakness. AR 30. Plaintiff made no specific objection to the ALJ's consideration of the treatment notes. The ALJ also noted that Plaintiff underwent surgery in early 2016, almost a year after Dr. Kolasinski's opinions were formulated, but Plaintiff's testimony at the hearing indicated her symptoms improved afterwards, which is consistent with later treatment notes documenting generally normal physical examinations. AR 31. For example, the ALJ noted that her gait was consistently normal on examination, and Plaintiff testified that even on her bad days, she is able to sit in her recliner most of the day, so restricting her to sitting standing and walking only one hour in a workday, as opined by Dr.

1  Kolasinski, was not persuasive.  Moreover, the ALJ noted that Plaintiff has not alleged that she is
2  unable to perform any postural movements or that she can only use her hands, especially post
3  surgery, for less than 30 minutes per 8 hour day, i.e., 5% of a typical workday.  *Id.*

4  Plaintiff also argues that the ALJ had a duty to further develop the record.  "An ALJ's
5  duty to develop the record further is triggered only when there is ambiguous evidence or when the
6  record is inadequate to allow for proper evaluation of the evidence."  *Mayes v. Massanari*, 276
7  F.3d 453, 459-60 (9th Cir. 2001); see 20 C.F.R. § 404.1520b (describing when agency will
8  further develop record).  Here, the record was not ambiguous or inadequate, and the ALJ was able
9  to make assessment of the evidence.

10  The court therefore finds that the ALJ properly gave "clear and convincing" reasons
11  supported by substantial evidence for rejecting Dr. Kolasinski's opinion.

12  **b.  Plaintiff's credibility**

13  Plaintiff next moves to remand this matter because the ALJ improperly rejected Plaintiff's
14  pain and symptoms testimony.  The ALJ found that Plaintiff's impairments could reasonably be
15  expected to cause the alleged symptoms, however, the ALJ found that the statements concerning
16  the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the
17  medical evidence and other evidence in the record.  AR 29.  The Commissioner responds that the
18  ALJ properly found that Plaintiff's testimony was inconsistent with the record.

19  The Commissioner's regulations prohibit granting disability benefits based solely on a
20  claimant's subjective complaints.  *See* 20 C.F.R. § 404.1529(a) ("statements about your pain or
21  other symptoms will not alone establish that you are disabled").  "An ALJ cannot be required to
22  believe every allegation of [disability], or else disability benefits would be available for the
23  asking, a result plainly contrary to [the Social Security Act]."  *Fair v. Bowen*, 885 F.2d 597, 603
24  (9th Cir. 1989).  If the ALJ rejects the claimant's complaints, the ALJ must provide "clear and
25  convincing reasons" for the disbelief."  *Burrell v. Colvin, 775 F.3d 1133, 1136-37* (9th Cir.
26  2014).

27  The ALJ must state why the testimony is unpersuasive and must point to what specific
28  testimony or evidence undermines the claimant's testimony.  *Morgan v. Comm'r of Soc. Sec.*

*Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  Absent affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing.  *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009).  The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).  This is because the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's testimony and complaints.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

        The Ninth Circuit has upheld an ALJ's finding that a claimant's testimony is not credible when the ALJ cited specific instances in the record supporting this determination.  *See, e.g., Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out numerous lab results that contradicted his subjective complaints).  *See also, Batson v. Comm'r of Soc Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2003) (ALJ's credibility determination upheld because the ALJ cited specific testimony from a doctor which contradicted the claimant's allegations).  But the Ninth Circuit has also found general findings insufficient.  *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding).  If "evidence can support either affirming or reversing the ALJ's decision," this Court may not substitute its judgment for that of the ALJ's.  *Id.* at 882.

        In making a credibility determination regarding pain, the ALJ may consider: "the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities" and "ordinary techniques of credibility evaluation."  *Bunnell*, 947 F.2d at 346 (citing SSR 88-13).

        Here, the ALJ explained that Plaintiff's statements were not consistent with the objective medical evidence.  AR 28-31. Contrary to Plaintiff's complaints of significant difficulties walking and performing manipulative activities, the ALJ explained that her imaging studies revealed no

abnormalities other than a calcaneal spur (AR 28 (noting that, contrary to Plaintiff's contentions, "diagnostic imaging was unremarkable")). The ALJ also noted that Plaintiff's physical examinations did not show she had difficulties walking or using her hands. AR 28. The ALJ discussed that Plaintiff's treatment was largely conservative and not consistent with her allegations of disability. AR 29. Plaintiff's medical record shows that providers managed her rheumatoid arthritis with medication and injections, which improved her symptoms, contrary to Plaintiff's contention that medications did not work. AR 30. When medication did not work, it was modified, and conservative treatment continued. For example, Plaintiff weaned herself off of prednisone at the end of 2015 and had no difficulties visiting or walking during her vacation, showing that she did not require more aggressive treatment. *See Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008) (favorable response to a conservative treatment plan is a permissible basis for discounting testimony of all-disabling pain).

Accordingly, the ALJ provided clear and convincing reasons for rejecting the claimant's testimony. *Valentine,* 574 F.3d at 693. The ALJ's credibility analysis was supported by substantial evidence, and it is entitled to great deference. *See Parra v Astrue*, 481 F.3d 742, 750 (questions of credibility and resolution of conflicts in the testimony are functions solely for the agency).

## III.   CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to remand (ECF No. 18) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 21) be **granted.**

## IV.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

1  objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d
2  1153, 1157 (9th Cir. 1991).

4       DATED: June 27, 2019

         _____
         C.W. HOFFMAN, JR.
         UNITED STATES MAGISTRATE JUDGE